210-853 Michael White v. Bridgestone High School Good morning, Your Honor. I apologize for being tardy. May it please the Court. There just isn't any excuse for that, Counsel. The notice clearly tells you where to go. Your opponent has had to sit here for a couple hours waiting for you. I respectfully apologize to this body as well as to my opposing counsel. Please proceed. Counsel, before you even get into that, there is a very serious jurisdictional question for you. On what basis do we have jurisdiction when the trial judge clearly remanded this matter back to the Commission? Well, the trial judge also indicated this was a final appealable order, Your Honor. Might I also add that the individual who drafted the circuit judge's order was Appellee's counsel herself. Well, then let me ask this question. I think it turns in this. Can a trial court make a non-final order appealable by simply stating it's a final order? Does that control this Court's jurisdiction? Well, I think what you're getting at, Your Honor, is this an interlocutory appeal or should this be a final appealable order? Are we resulting form over substance? He remands it. How can he make it a final? How can the trial court decide that a remand order is a final appealable order? I can't speak for what was in the trial judge's mind when he made that determination. However, I can say that the words are plain and they speak for themselves. Counsel, I'm going to steal a phrase from Justice Bulandic in a very beautiful decision he once wrote. He says, you can paint stripes on a donkey, but it doesn't make it a zebra. A trial judge cannot make a non-final order final by saying it's final. He just can't do it. The question is, is it or isn't it? If this is not a final order, we have no jurisdiction. Tell us why it's a final order. It is a final order, and what I was going to open up with was this. A final order, let me just clarify, aside from the trial judge saying it is, that's what we need to know. The fact that he says it is, we've established under the law, does not make it a final order. What I'm going to tell you is going to show you what that's based upon. First of all, you had a claim where the commission basically said, with respect to this left-hand injury, no application was filed, therefore it doesn't exist. There's no issue of law. That wasn't based on any legal precedent, statute, or case. They basically said, there is no merit with respect to your left-hand claim. Once that happens, there's nothing to remand to an arbitrator or the commission to make a decision on the merits, because the commission has already made a decision on the merits. The merits being, it's as if this claim never exists. It's vacated, dismissed, without prejudice, which gets me to something I know my opponent's going to bring up, because you will read a brief and you will see things about, this leads the claimant in a procedural never-never land, and it violates some other case law which indicates applications for adjustment of claims should be malleable. In other words, we should be a little bit looser with them because we're trying to expedite a claim. Well, in this situation, the commission didn't take away any right. They simply vacated it without prejudice, which means the very day after the commission made the ruling, the claimant could have gone and filed an application for the left-hand claim. Now, were the commission to say, this is dismissed with prejudice based on such and such a law and such and such facts, or a statute, or a case, et cetera, we're probably not up here having this conversation, but the very fact that the commission said the left-hand claim doesn't exist for all intents and purposes, they threw it out, it's gone. There's no facts for the circuit court to decide. And the circuit court sent it back and said, consider that on the merits. No, no. No? Because they have a standard of the manifest way to the evidence when it comes to the facts. And my argument to you and to this body is that when the commission says, we are vacating this award on the left-hand without prejudice, they are making a factual determination. It didn't exist. Once that happens, the circuit court is bound by determining the manifest way to the evidence. Well, that's all well and good. However, that wasn't the only finding that the circuit court made. The circuit court reversed that portion of the commission's decision, reducing the permanent partial disability, and remanded it back for recent decision as to the right-hand. That leads me to my second point. Okay, good. Let's see you get over there first. Okay. I think we can all agree that any kind of determination when it comes to permanent partial disability made by an arbitrator or the commission is a factual issue. And there's a manifest way standard. And if you read the circuit court's order, you'll see 6% awarded by the commissioner, changed by the commission is against the manifest way to the evidence. Okay. So, and he's sending it down for reconsideration. That's a mistake. He has violated. Hold on a second. That's the merits of the case. We're here on jurisdiction. If he remands it under A.O. Smith for them to do absolutely anything other than a simple mathematical calculation, we have no jurisdiction. My point, he was an error. Well, the error is the merits of the case. Do you understand that? I do. What wouldn't you say? We only have jurisdiction when he's right. No. When he's wrong, we don't have jurisdiction. I'm not saying that at all. I'm saying the error precludes you from even hearing that. Why? Because he made a factual determination that he shouldn't have made. So we'll get to that when we get to the merits, won't we? I think the merits are already determined by the commission. No, the merits are not determined. I don't think you understand jurisdiction. I don't think you understand jurisdiction. We have jurisdiction only over final orders. An order that remands a case back to the commission to do anything other than a simple mathematical determination is not a final order. In the absence of a final order, we don't have jurisdiction. You're going to get to the merits of your case after the commission does what he ordered them to do, and it comes up here the second time. I think that's where our disagreement is. All right. I understand exactly what the disagreement is. You're saying the trial judge was wrong as a matter of law. No. He had no business sending it back to the commission. The circuit court. Correct. The circuit court has no right to send it back. It's a nullity. It's ridiculous. It should go up on its merits. However, that's whether or not that's the law is a different issue. The fact is you have to concede he did in fact remand it to the commission, didn't he? Erroneously or not, he did. Well, the plain language of the order clearly indicates he remanded it. Right. Whether he should have remanded it or not is a different story. That's a different issue. I'm saying it's not something he should have remanded. It's merits. That's not jurisdiction. That's the merits. I think we have an argument. Whether or not we agree, you'll find out. However, you get – when it comes up here a second time, the court would review the original order as well. I mean, you get a chance to argue this at some point. But we don't reach the merits if we don't have jurisdiction. Okay. I would respectfully disagree with the jurisdiction question. All right. We understand. We've hashed that out a little bit here. With respect to the left-hand claim – actually, let me go back to the 8%. Am I right in understanding what Your Honor's position seems to be is that whether or not the circuit court judge was way out of line in ordering this back, that no matter what, you can't hear it, even though he said this is final appealable order? Right. That's correct. And then I think that, well, we should take something under advisement then to instruct, obviously that's Your Honor's purview as well as the court's above, to instruct the circuit court judges and the commissions to make those things a little more understandable for us when it comes to their final decision. I thought the Supreme Court did in A.O. Smith. There's a case that says it, that the trial judge does not withstand. The trial judge can't make a non-final order final because he decides it is. I think that's well-settled law. All right. Well, that's clearly what happened here. Right. Whether or not the trial judge was aware of it is a different issue. But that is the law. Well, in any event, Your Honor, I appreciate your time. Again, my apologies for being tardy. I would ask that you reinstate the order of the commission. And I will reserve my time for any rebuttal, if appropriate. Thank you very much. Counsel, please. Counsel, you know what the burning issue is on the table? Pardon me? The issue is jurisdiction rather than arguing the merits. I believe that Your Honor's argued jurisdiction perfectly. I agree with you. I think that we shouldn't be here. Why didn't you file a motion to dismiss the case? Your Honor, the attorney handling this died this summer. And that's how I got it. So at that point, I wasn't in a position. That's fair. So I don't really want to argue anymore about jurisdiction because I believe you've said it all, that this order is final and appealable. They're not magic words. If it isn't final, it's not final whether you say it or not. Were you there when the order was drafted? I was not. However, I have no doubt that that's what the judge said. I just don't believe because the judge said it, it makes it so. Well, that's the law, right? Right. However, I believe if the court the only other issue then is if the court finds it has jurisdiction, you have to look to the manifest way to the evidence argument as it pertains to the right hand. I don't think you want to get into that. You don't? Well, then I really. I'm not going to speak for my colleagues here, but I hope. I don't think you should go there either. Okay. Then I will stand on what the court has already said and what I've had to say. Thank you. Thank you, counsel. Mr. McDonnell. Great. Regarding the motion to dismiss, it was touched upon. It was not, I believe counsel indicated she didn't file it. It was filed by somebody else. The argument would be perhaps that the motion to dismiss would grant the court the jurisdiction to hear this case. That doesn't make any sense. No. Well, it doesn't grant us the jurisdiction to determine jurisdiction. Okay. And that's exactly what we're up to right now. All right. Thank you, Your Honor. Appreciate it. Court is adjourned.